UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | No. 4:23-CR-00273 |
| | : | |
| v. | : | (Chief Judge Brann) |
| | : | |
| BRIAN LUPREK, | : | (electronically filed) |
| Defendant | : | |

## PLEA AGREEMENT

The following Plea Agreement is entered by the United States Attorney for the Middle District of Pennsylvania and the above-captioned defendant. Any reference to the United States or to the Government in this Agreement shall mean the Office of the United States Attorney for the Middle District of Pennsylvania.

## A. Violation(s), Penalties, and Dismissal of Other Counts

1. <u>Guilty plea</u>. The defendant agrees to plead guilty to Count 1 of the Indictment, which charges the defendant with a violation of Title 18, United States Code, § 2252(a)(4)(B) and (b)(2), possession of child pornography. The maximum penalty for that offense is imprisonment for 20 years, a fine of $250,000, a maximum term of supervised release for life, which shall be served at the conclusion of, and in addition to, any term of

imprisonment, as well as the costs of prosecution,

imprisonment, probation, or supervised release ordered, denial

of certain federal benefits, and an assessment in the amount of

$5,100.  At the time the guilty plea is entered, the defendant

shall admit to the Court that the defendant is, in fact, guilty of

the offense(s) charged in that count.  After sentencing, the

United States will move for dismissal of any remaining counts

of the Indictment.  The defendant agrees, however, that the

United States may, at its sole election, reinstate any dismissed

charges, or seek additional charges, in the event that any guilty

plea entered or sentence imposed pursuant to this Agreement is

subsequently vacated, set aside, or invalidated by any court.

The defendant further agrees to waive any defenses to

reinstatement of any charges, or to the filing of additional

charges, based upon laches, the assertion of speedy trial rights,

any applicable statute of limitations, or any other ground.  The

calculation of time under the Speedy Trial Act for when trial

must commence is tolled as of the date of the defendant's

2

signing of this Agreement, until either (a) the defendant pleads guilty; or (b) a new date is set by the Court for commencement of trial.

2. <u>No Further Prosecution, Except Tax Charges</u>.  The United States Attorney's Office for the Middle District of Pennsylvania agrees that it will not bring any other criminal charges against the defendant directly arising out of the defendant's involvement in the offense(s) described above.  However, nothing in this Agreement will limit prosecution for criminal tax charges, if any, arising out of those offenses.

## B. **Fines and Assessments**

3. <u>Fine</u>.  The defendant understands that the Court may impose a fine pursuant to the Sentencing Reform Act of 1984.  The willful failure to pay any fine imposed by the Court, in full, may be considered a breach of this Plea Agreement.  Further, the defendant acknowledges that willful failure to pay the fine may subject the defendant to additional criminal violations and civil

3

penalties pursuant to Title 18, United States Code, § 3611, et
seq.

4.  <u>Alternative Fine</u>.  The defendant understands that under the
alternative fine section of Title 18, United States Code, § 3571,
the maximum fine quoted above may be increased if the Court
finds that any person derived pecuniary gain or suffered
pecuniary loss from the offense and that the maximum fine to
be imposed, if the Court elects to proceed in this fashion, could
be twice the amount of the gross gain or twice the amount of the
gross loss resulting from the offense.

5.  <u>Inmate Financial Responsibility Program</u>.  If the Court orders a
fine or restitution as part of the defendant's sentence, and the
sentence includes a term of imprisonment, the defendant agrees
to voluntarily enter the United States Bureau of Prisons-
administered program known as the Inmate Financial
Responsibility Program, through which the Bureau of Prisons
will collect up to 50% of the defendant's prison salary, and up to
50% of the balance of the defendant's inmate account, and apply

4

that amount on the defendant's behalf to the payment of the outstanding fine and restitution orders.

6. <u>Special Assessment</u>. The defendant understands that the Court will impose a special assessment of $100, pursuant to the provisions of Title 18, United States Code, § 3013. No later than the date of sentencing, the defendant or defendant's counsel shall mail a check in payment of the special assessment directly to the Clerk, United States District Court, Middle District of Pennsylvania. If the defendant intentionally fails to make this payment, that failure may be treated as a breach of this Plea Agreement and may result in further prosecution, the filing of additional criminal charges, or a contempt citation.

7. If the defendant is convicted of a human trafficking, sex trafficking, or child pornography/child sexual exploitation offense, and if the Court finds the defendant is not indigent, an additional special assessment of $5,000 will be imposed, pursuant to Title 18 U.S.C. § 3014(a).

5

8.  <u>Collection of Financial Obligations</u>.  In order to facilitate the

collection of financial obligations imposed in connection with

this case, the defendant consents and agrees:

a.  to fully disclose all assets in which the defendant has an

interest or over which the defendant has control, directly or

indirectly, including those held by a spouse, nominee, or

other third party;

b.  to submit to interviews by the Government regarding the

defendant's financial status;

c.  to submit a complete, accurate, and truthful financial

statement, on the form provided by the Government, to the

United States Attorney's Office no later than 14 days

following entry of the guilty plea;

d.  whether represented by counsel or not, to consent to contact

by and communication with the Government, and to waive

any prohibition against communication with a represented

party by the Government regarding the defendant's

financial status;

6

e.  to authorize the Government to obtain the defendant's credit reports in order to evaluate the defendant's ability to satisfy any financial obligations imposed by the Court; and

f.  to submit any financial information requested by the Probation Office as directed, and to the sharing of financial information between the Government and the Probation Office.

## C. Sentencing Guidelines Calculation

9.  Determination of Sentencing Guidelines.  The defendant and counsel for both parties agree that the United States Sentencing Commission Guidelines, which took effect on November 1, 1987, and its amendments (the "Sentencing Guidelines"), will apply to the offense or offenses to which the defendant is pleading guilty. The defendant understands that the Sentencing Guidelines are advisory and not binding on the Court.  The defendant further agrees that any legal and factual issues relating to the application of the Sentencing Guidelines to the defendant's conduct, including facts to support any specific offense

7

characteristic or other enhancement or adjustment and the

appropriate sentence within the statutory maximums provided

for by law, will be determined by the Court after briefing, a pre-

sentence hearing, or a sentencing hearing.

10. <u>Acceptance of Responsibility– Two/Three Levels</u>.  If the

defendant can adequately demonstrate recognition and

affirmative acceptance of responsibility to the Government as

required by the Sentencing Guidelines, the Government will

recommend that the defendant receive a two- or three-level

reduction in the defendant's offense level for acceptance of

responsibility. The third level, if applicable, shall be within the

discretion of the Government under U.S.S.G. § 3E1.1. The

failure of the Court to find that the defendant is entitled to a

reduction shall not be a basis to void this Agreement.

## D. <u>Sentencing Recommendation</u>

11. <u>Specific Recommendation of Sentence</u>.  At the time of

sentencing, the United States will make a specific

recommendation within the applicable Sentencing Guidelines

8

range and reserves the right to recommend the maximum
sentence within that range.

## E. Victims' Rights and Restitution

12. Victims' Rights.  The defendant understands that pursuant to
the Victim and Witness Protection Act, the Crime Victims'
Rights Act, the Justice for All Act, and the regulations
promulgated under those Acts by the Attorney General of the
United States, crime victims have the following rights:

a.  The right to be reasonably protected from the accused;

b.  The right to reasonable, accurate, and timely notice of any
    public court proceeding or any parole proceeding involving
    the crime, or of any release or escape of the accused;

c.  The right not to be excluded from any such public court
    proceeding, unless the Court, after receiving clear and
    convincing evidence, determines that testimony by the
    victim would be altered materially if the victim heard other
    testimony at that proceeding;

d.  The right to be reasonably heard at any public hearing in the Court involving release, plea, sentencing, or any parole proceeding. The defendant understands that the victims' comments and recommendations at any of these proceedings may be different than those of the parties to this Agreement;

e.  The reasonable right to confer with the attorney for the Government in the case. The defendant understands that the victims' opinions and recommendations given to the attorney for the Government may be different than those presented by the United States as a consequence of this Agreement;

f.  The right to full and timely restitution as provided for by law. The attorney for the Government is required to "fully advocate the rights of victims on the issue of restitution unless such advocacy would unduly prolong or complicate the sentencing proceeding," and the Court is authorized to order restitution by the defendant including, but not limited

10

to, restitution for property loss, economic loss, personal injury, or death;

g. The right to proceedings free from unreasonable delay; and

h. The right to be treated with fairness and with respect for the victim's dignity and privacy.

13. <u>Restitution</u>. The defendant acknowledges that, pursuant to the Mandatory Restitution Act of April 24, 1996, Title 18, United States Code, § 3663A, the Court is required in all instances to order full restitution to all victims for the losses those victims have suffered as a result of the defendant's conduct. The defendant also agrees that the Government will seek, and the Court may impose an order of restitution as to victims of the defendant's relevant conduct. With respect to the payment of restitution, the defendant further agrees that, as part of the sentence in this matter, the defendant shall be responsible for making payment of restitution in full, unless the defendant can demonstrate to the satisfaction of the Court that the defendant's economic circumstances do not allow for the payment of full

11

restitution in the foreseeable future, in which case the

defendant will be required to make partial restitution

payments.  In addition to the schedule of payments that may be

established by the Court, the defendant understands and agrees

that, pursuant to the Mandatory Victims Restitution Act of

1996 and the Justice For All Act of 2004, victims of federal

crimes are entitled to full and timely restitution.  As such, these

payments do not preclude the Government from using other

assets or income of the defendant to satisfy the restitution

obligation.  The defendant understands and agrees that the

United States Attorney's Office, by and through the Financial

Litigation Unit, has the obligation and the right to pursue any

legal means, including but not limited to, submission of the debt

to the Treasury Offset Program, to collect the full amount of

restitution owed to the victims in a timely fashion.  Although

the defendant may reserve the right to contest the amount of

restitution owed, the defendant agrees to take all steps to

facilitate collection of all restitution, including submitting to

12

debtor's exams as directed by the Government.  Towards this goal, the defendant agrees to waive any further notice of forfeiture and agrees that the United States may, at its sole election, elect to pursue civil or criminal forfeiture in the amount of the victim restitution owed in this case, and the Court may enter both a restitution order and a forfeiture judgment in the amount of any unpaid restitution found by the Court to be due and owing at the time of sentencing in this matter.  The defendant consents to the filing of any civil complaint or superseding information which may be necessary to perfect a forfeiture order and further stipulates and agrees that the defendant's guilty plea constitutes an admission to all matters legally and factually necessary for entry of a forfeiture order in this case.  The parties agree that the Government will recommend, but cannot guarantee, that any assets recovered through forfeiture proceedings be remitted to crime victims to reduce the defendant's restitution obligation in this case.  The defendant acknowledges that the making of any payments does

13

not preclude the Government from using other assets or income of the defendant to satisfy the restitution obligation.  The defendant understands that the amount of restitution calculated for purposes of Chapter 5 of the Sentencing Guidelines might be different from the amount of loss calculated for purposes of Chapter 2 of the Sentencing Guidelines.

14. <u>Full Restitution by Schedule</u>.  The defendant agrees to make full restitution in accordance with a schedule to be determined by the Court.

15. <u>Restitution for Child Pornography Cases</u>.  The defendant agrees to allow the court to determine the appropriate restitution based on Title 18, United States Code, § 2259, for identifiable victims in the images of child pornography.

16. <u>Restitution for Identifiable Child Pornography Victims.</u>  The defendant agrees to pay restitution equal to the loss caused to any identifiable victim of the offense of conviction, including any relevant conduct, pursuant to any applicable statute, including 18 U.S.C. § 2259. The defendant further agrees to pay

14

restitution equal to the loss caused to any identifiable victim of the defendant's uncharged or dismissed conduct pursuant to 18 U.S.C. §§ 3663(a)(3) and 3663A. The defendant's uncharged or dismissed conduct for purposes of determining and ordering restitution includes the production, possession, receipt, and distribution of visual depictions of minors engaged in sexually explicit conduct, including the defendant's conduct that will be dismissed at sentencing, and any uncharged production, possession, receipt, and distribution of visual depictions of minors engaged in sexually explicit conduct.

**F.  Information Provided to Court and Probation Office**

17. Background Information for Probation Office. The defendant understands that the United States will provide to the United States Probation Office all information in its possession that the United States deems relevant regarding the defendant's background, character, cooperation, if any, and involvement in this or other offenses.

15

18. <u>Objections to Pre-Sentence Report</u>.  The defendant understands

that pursuant to the United States District Court for the Middle

District of Pennsylvania's "Policy for Guideline Sentencing,"

both the United States and defendant must communicate to the

Probation Officer within 14 days after disclosure of the pre-

sentence report any objections they may have as to material

information, sentencing classifications, applicable Sentencing

Guidelines ranges, and policy statements contained in or

omitted from the report.  The defendant agrees to meet with the

United States at least five days prior to sentencing in a good

faith attempt to resolve any substantive differences.  If any

issues remain unresolved, they shall be communicated to the

Probation Officer for inclusion in an addendum to the pre-

sentence report.  The defendant agrees that unresolved

substantive objections will be decided by the Court after

briefing, a pre-sentence hearing, or at the sentencing hearing,

where the standard or proof will be a preponderance of the

evidence, and the Federal Rules of Evidence, other than with

respect to privileges, shall not apply under Fed. R. Evid. 1101(d)(3), and the Court may consider any reliable evidence, including hearsay. Objections by the defendant to the pre-sentence report or the Court's rulings, will not be grounds for withdrawal of a plea of guilty.

19. <u>Relevant Sentencing Information</u>. At sentencing, the United States will be permitted to bring to the Court's attention, and the Court will be permitted to consider, all relevant information about the defendant's background, character and conduct, including the conduct that is the subject of the charges that the United States has agreed to dismiss, and the nature and extent of the defendant's cooperation, if any. The United States will be entitled to bring to the Court's attention and the Court will be entitled to consider any failure by the defendant to fulfill any obligation under this Agreement.

20. <u>Non-Limitation on Government's Response</u>. Nothing in this Agreement shall restrict or limit the nature or content of the United States' motions or responses to any motions or appeals

filed on behalf of the defendant.  Nor does this Agreement in any way restrict the Government in responding to any request by the Court for briefing, argument or presentation of evidence regarding the application of Sentencing Guidelines to the defendant's conduct, including but not limited to, requests for information concerning possible sentencing departures.

## G.  Court Not Bound by Plea Agreement

21.  <u>Court Not Bound by Terms</u>.  The defendant understands that the Court is not a party to and is not bound by this Agreement, or by any recommendations made by the parties.  Thus, the Court is free to impose upon the defendant any sentence up to and including the maximum sentence twenty years of imprisonment, a fine of $250,000, a maximum term of supervised release of up to life, which shall be served at the conclusion of and in addition to any term of imprisonment, the costs of prosecution, denial of certain federal benefits, and assessments totaling $5,100.

18

22. <u>No Withdrawal of Plea Based on Sentence or Recommendations</u>.
If the Court imposes a sentence with which the defendant is
dissatisfied, the defendant will not be permitted to withdraw
any guilty plea for that reason alone, nor will the defendant be
permitted to withdraw any guilty plea should the Court decline
to follow any recommendations by any of the parties to this
Agreement.

## H. <u>Breach of Plea Agreement by Defendant</u>

23. <u>Breach of Agreement</u>.  In the event the United States believes
the defendant has failed to fulfill any obligation under this
Agreement, then the United States shall, in its discretion, have
the option of petitioning the Court to be relieved of its
obligations under this Agreement.  Whether the defendant has
completely fulfilled all of the obligations under this Agreement
shall be determined by the Court in an appropriate proceeding,
during which any disclosures and documents provided by the
defendant shall be admissible, and during which the United
States shall be required to establish any breach by a

preponderance of the evidence.  In order to establish any breach by the defendant, the United States is entitled to rely on statements and evidence given by the defendant during the cooperation phase of this Agreement, if any.

24. <u>Remedies for Breach</u>.  The defendant and the United States agree that in the event the Court concludes that the defendant has breached the Agreement:

   a.  The defendant will not be permitted to withdraw any guilty plea tendered under this Agreement and agrees not to petition for withdrawal of any guilty plea;

   b.  The United States will be free to make any recommendations to the Court regarding sentencing in this case;

   c.  Any evidence or statements made by the defendant during the cooperation phase of this Agreement, if any, will be admissible at any trials or sentencings;

   d.  The United States will be free to bring any other charges it has against the defendant, including any charges originally

20

brought against the defendant or which may have been

under investigation at the time of the plea.  The defendant

waives and hereby agrees not to raise any defense to the

reinstatement of these charges based upon collateral

estoppel, Double Jeopardy, statute of limitations, assertion

of Speedy Trial rights, or other similar grounds.

25. <u>Violation of Law While Plea or Sentence Pending</u>.  The

defendant understands that it is a condition of this Agreement

that the defendant refrain from any further violations of state,

local, or federal law while awaiting plea and sentencing.  The

defendant acknowledges and agrees that if the Government

receives information that the defendant has committed new

crimes while awaiting plea or sentencing in this case, the

Government may petition the Court and, if the Court finds by a

preponderance of the evidence that the defendant has

committed any other criminal offense while awaiting plea or

sentencing, the Government shall be free at its sole election to

either:  (a) withdraw from this Agreement; or (b) make any

sentencing recommendations to the Court that it deems appropriate. The defendant further understands and agrees that, if the Court finds that the defendant has committed any other offense while awaiting plea or sentencing, the defendant will not be permitted to withdraw any guilty pleas tendered pursuant to this Agreement, and the government will be permitted to bring any additional charges that it may have against the defendant.

## I.    Registration, Civil Commitment & Transfer of Information in Child Pornography/ Sex Crimes Cases

26. Sex Offender Registration (Megan's Law/Adam Walsh Act) Notice. The defendant understands that the Court, as a condition of supervised release or probation, must order the defendant to comply with all sex offender registration requirements under the Sex Offender Registration and Notification Act and that, if applicable, defendant must register and keep registration current and accurate in each of the following jurisdictions: the location of residence; the location of

employment; and the location of any school that defendant is

attending.  The defendant understands that such information

must be updated no later than three business days after any

change.  A failure to comply with these and other obligations

may subject the defendant to prosecution under federal law.

The defendant acknowledges that one possible consequence of a

guilty plea is that the Court may determine, after the

completion of a sentence, that the defendant is a sexually

dangerous offender and may commit the defendant to a medical

facility for treatment.

27. Transfer of Case for Child Custody Determinations.  The

defendant agrees to interpose no objection to the Government's

transferring evidence or providing information concerning the

defendant or this offense to other state or local authorities or

agencies for purpose of child custody proceedings relating to the

defendant.

## J.   Deportation

28. <u>Deportation/Removal from the United States</u>.  The defendant understands that, if defendant is not a United States citizen, deportation/removal from the United States is a consequence of this plea.  The defendant further agrees that this matter has been discussed with counsel who has explained the immigration consequences of this plea.  The defendant still desires to enter into this plea after having been so advised.

## K.  **Appeal Waiver**

29. <u>Appeal Waiver – Direct</u>.  The defendant is aware that Title 28, United States Code, § 1291 affords a defendant the right to appeal a judgment of conviction and sentence; and that Title 18, United States Code, § 3742(a) affords a defendant the right to appeal the sentence imposed.  Acknowledging all of this, the defendant knowingly waives the right to appeal the conviction and sentence.  This waiver includes any and all possible grounds for appeal, whether constitutional or non-constitutional, including, but not limited to, the manner in which that sentence was determined in light of *United States v.*

*Booker*, 543 U.S. 220 (2005).  The defendant further acknowledges that this appeal waiver is binding only upon the defendant and that the United States retains its right to appeal in this case.

30. Appeal Waiver Breach.  The defendant acknowledges that pursuing a direct appeal or any collateral attack waived in the preceding paragraph(s) may constitute a breach of this Agreement. The Government agrees that the mere filing of a notice of appeal is not a breach of the Agreement. The Government may declare a breach only after the defendant or the defendant's counsel thereafter states, either orally or in writing, a determination to proceed with an appeal or collateral attack raising an issue the Government deems barred by the waiver.  The parties acknowledge that the pursuit of an appeal or any collateral attack constitutes a breach only if a court determines that the appeal or collateral attack does not present an issue that a judge may reasonably conclude is permitted by an exception to the waiver stated in the preceding paragraph(s)

or constitutes a "miscarriage of justice" as that term is defined in applicable law.

## L.  Other Provisions

31. Agreement Not Binding on Other Agencies.  Nothing in this Agreement shall bind any other United States Attorney's Office, state prosecutor's office, or federal, state, or local law enforcement agency.

32. No Civil Claims or Suits.  The defendant agrees not to pursue or initiate any civil claims or suits against the United States of America, its agencies or employees, whether or not presently known to the defendant, arising out of the investigation, prosecution or cooperation, if any, covered by this Agreement, including but not limited to any claims for attorney's fees and other litigation expenses arising out of the investigation and prosecution of this matter.  By the defendant's guilty plea in this matter the defendant further acknowledges that the Government's position in this litigation was taken in good faith, had a substantial basis in law and fact and was not vexatious.

33. <u>Plea Agreement Serves Ends of Justice</u>.  The United States is
entering this Agreement with the defendant because this
disposition of the matter fairly and adequately addresses the
gravity of the offense(s) from which the charge(s) is/are drawn,
as well as the defendant's role in such offense(s), thereby
serving the ends of justice.

34. <u>Merger of All Prior Negotiations</u>.  This document states the
complete and only Agreement between the United States
Attorney for the Middle District of Pennsylvania and the
defendant in this case, and is binding only on the parties to this
Agreement and supersedes all prior understandings or plea
offers, whether written or oral.  This agreement cannot be
modified other than in writing that is signed by all parties or on
the record in court.  No other promises or inducements have
been or will be made to the defendant in connection with this
case, nor have any predictions or threats been made in
connection with this plea.  Pursuant to Rule 11 of the Federal
Rules of Criminal Procedure, the defendant certifies that the

27

defendant's plea is knowing and voluntary and is not the result of force or threats or promises apart from those promises set forth in this Agreement.

35. <u>Defendant is Satisfied with Assistance of Counsel</u>. The Defendant agrees that the defendant has discussed this case and this Agreement in detail with the defendant's attorney, who has advised the defendant of the defendant's Constitutional and other trial and appellate rights, the nature of the charges, the elements of the offenses the United States would have to prove at trial, the evidence the United States would present at such trial, possible defenses, the advisory Sentencing Guidelines and other aspects of sentencing, potential losses of civil rights and privileges, and other potential consequences of pleading guilty in this case. The defendant agrees that the defendant is satisfied with the legal services and advice provided to the defendant by the defendant's attorney.

36. <u>Deadline for Acceptance of Plea Agreement</u>. The original of this Agreement must be signed by the defendant and defense

28

counsel and received by the United States Attorney's Office on
or before **5:00 p.m., July 15, 2024**, otherwise the offer may, in
the sole discretion of the Government, be deemed withdrawn.

37. <u>Required Signatures</u>.  None of the terms of this Agreement shall
be binding on the Office of the United States Attorney for the
Middle District of Pennsylvania until signed by the defendant

and defense counsel and then signed by the United States

Attorney or his designee.

## ACKNOWLEDGMENTS

I have read this agreement and carefully reviewed every part of it with my attorney. I fully understand it and I voluntarily agree to it.

8/9/2024
Date

BRIAN LUPREK
Defendant

I am the defendant's counsel. I have carefully reviewed every part of this agreement with the defendant. To my knowledge, my client's decision to enter into this agreement is an informed and voluntary one.

8/9/24
Date

KYLE W. RUDE, ESQ.
Counsel for Defendant

GERARD M. KARAM
United States Attorney

12/19/2024
Date

By: _____

ALISAN V. MARTIN
Assistant United States Attorney

30